UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

SECURITY NATIONAL INS. CO.,
a foreign corporation,

        Plaintiff,

vs.

CASE NO.:

DANNY ORTIZ MORALES, an individual, and RONALD M. SHAVE, an individual.

        Defendants.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, SECURITY NATIONAL INSURANCE COMPANY, ("SNIC") through its undersigned counsel, sues Defendants, DANNY ORTIZ MORALES, an individual, and RONALD M. SHAVE, an individual, for declaratory relief and alleges as follows:

### Nature of Suit

1. This is an action for declaratory relief to declare the rights and obligations of parties under a policy of liability insurance. SNIC seeks a declaration that no coverage is afforded under its commercial general liability insurance policy for any damages which have been alleged by Defendant, DANNY ORTIZ MORALES ("MORALES"), against Defendant, RONALD M.

SHAVE ("SHAVE"), in the underlying *Morales* action and that SNIC has no duty to defend or indemnify SHAVE in that action.

2. MORALES was injured in the course and scope of his employment while working as a leased employee for SNIC's insured, SHAVE STEEL LLC ("SHAVE LLC").

3. SHAVE, as a member or manager of SHAVE LLC, qualifies as an insured under SNIC's policy. MORALES, as a leased employee of SHAVE LLC, also qualifies as an insured under SNIC's policy.

4. The Policy excludes coverage for any injury suffered by an employee of an insured. The Policy also excludes coverage for claims or suits by one insured against another insured. In addition, no coverage is afforded for injuries suffered by a co-employee. Because the claims which have been alleged in the *Morales* action are plainly not covered under the subject Policy, SNIC has no duty to defend or indemnify SHAVE in that action.

5. This declaratory judgment is sought to resolve an actual controversy between the parties regarding insurance coverage which is afforded under SNIC's policy.

## Jurisdiction and Venue

6. This is an action for declaratory relief pursuant to 28 U.S.C. Section 2201.

7. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. Sections 1391(a) and 1391(c), because the underlying lawsuit against the Insureds is pending in this district.

8. The underlying lawsuit is a suit for damages resulting from injuries suffered by Defendant, MORALES, when the forklift driven by SHAVE made contact with a power line and caused an electrical shock to MORALES.

9. At the time of the incident, MORALES was working as a leased employee for Defendant, SHAVE LLC. The policy of insurance which is the subject of this lawsuit affords coverage subject to a limit of $1,000,000. The amount in controversy is in excess of this Court's minimum jurisdictional amount of $75,000, exclusive of interest, costs and attorneys' fees

10. All conditions precedent to the filing of this action have occurred or have been complied with.

## Parties

11. Plaintiff, SECURITY NATIONAL INSURANCE COMPANY, is a Delaware corporation with its principal place of business in New York, New York.

12. At all times material to this action, Defendant, DANNY ORTIZ MORALES, was a resident of Florida and sui juris.

13. At all times material to this action, Defendant, RONALD M. SHAVE was a resident of Florida and sui juris.

14. MORALES is being named in this coverage action solely as an interested party. SNIC seeks no affirmative relief from MORALES other than to bind him to any judgment which may be entered in this coverage action.

### Underlying *Morales* Action

15. At all relevant times, MORALES was a leased employee of SHAVE, LLC and performing duties related to his employment with SHAVE, LLC.

16. At all relevant times, SHAVE was a member of SHAVE, LLC acting within the course and scope of his duties as such and/or was an employee of SHAVE, LLC performing duties related to his employment with SHAVE, LLC.

17. On May 16, 2023, SHAVE was operating a forklift while MORALES was acting as spotter. While SHAVE was operating the forklift, it made contact with energized high voltage power lines, which caused an electric shock to MORALES causing MORALES to sustain injuries.

18. On or about August 16, 2023, MORALES filed a Petition for Workers' Compensation Benefits relating to his injuries sustained while working as a leased

employee for SHAVE LLC.  A copy of the Petition is attached hereto as **Exhibit "A."**

19.  On October 12, 2023 MORALES filed a lawsuit styled *Danny Ortiz Morales v. Ronald M. Shave et al,* Case # 50-2023-CA-014661, which is presently pending in the Circuit Court in and for Palm Beach County, Florida ("*Morales* action").  A copy of the Complaint from the *Morales* action is attached hereto as **Exhibit "B"** and is incorporated herein.

20.  The Complaint in the *Morales* action names SHAVE as a defendant and seeks damages arising out of MORALES's injuries.

21.  The Complaint asserts one claim for Gross Negligence against SHAVE (Count II).

22.  SNIC has agreed to provide SHAVE with a defense with respect to all claims asserted against him in the *Morales* action subject to a complete reservation of rights.

### SNIC's Policy

23.  SNIC issued a Commercial General Liability policy number SES1814229 00 to Shave Steel LLC as the named insured, which was in effect from May 2, 2023 to May 2, 2024 ("Policy").  A true and correct copy of the Policy is attached hereto as **Exhibit "C."**

24. The subject Policy affords coverage for "bodily injury" caused by an "occurrence" and promises to defend the insured with regards to covered claims, in relevant part, as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.   Insuring Agreement**
>
> 1. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and the duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

25. The Policy contains various exclusions, including the following exclusion, which has been added by endorsement:

> **EXCLUSION – INJURY TO EMPLOYEES, CONTRACTOR, EMPLOYEES OF A CONTRACTOR**
>
> The following Exclusion is added to **SECTION I – COVERAGES**, paragraph **2. Exclusions** of **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, and paragraph **2. Exclusions of COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY:**
>
> **2.   Exclusions**
>
> This insurance does not apply to:

> **INJURY TO EMPLOYEES, CONTRACTOR, EMPLOYEES OF A CONTRACT** [sic]
>
> (1) "Bodily injury" to any employee of an insured, to any contractor hired or retained by or for any insured or to any employee of such contractor, if such claim for bodily injury arises out of and in the course of his/her employment or retention of such contractor by or for any insured, for which any insured may become liable in any capacity;
>
> (2) Any obligation of any insured to indemnify or contribute with another because of damage arising out of the "bodily injury"; or
>
> (3) "Bodily injury" sustained by the spouse, child parent, brother or sister of an employee of any insured, or of a contractor, or of an employee of a contractor of any insured as a consequence of "bodily injury" to such employee, contractor, or employee of such contractor, arising out of and in the course of such employment or retention by or for an insured.
>
> This exclusion applies to all claims and "suits" by any person or organization for damages because of such "bodily injury", including damages for care and loss of services.

26. The Policy also contains another exclusion which has been added by endorsement, which provides as follows:

> **EXCLUSION – CROSS SUITS (INSUREDS)**
>
> The following Exclusion is added to **SECTION I – COVERAGES**, paragraph **2. Exclusions** of **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, and paragraph **2. Exclusions** of **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY:**
>
> **2.   Exclusions**

This insurance does not apply to:

**Suits between Insureds:**

Any obligation to defend any "suit" or claim against the "insured" alleging "bodily injury", "property damage", or "personal and advertising injury" resulting from, relating to, alleged by or bought between one Insured against another Insured under this policy.

27. Section II of the Policy – Who Is An Insured, provides in relevant part as follows:

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

    \*\*\*

    **c.** A limited liability company, you are an insured. Your members are also insured, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your manager.

2. Each of the following is also an insured:

**a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

8

 **(1)** "Bodily injury" or "personal advertising injury":

 **(a)** To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

 **(b)** To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of paragraph (1)(a) above;

 **(c)** For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraph (1)(a) or (b) above…

28.  The Policy includes the following relevant definitions:

**SECTION V – DEFINITIONS**

5. "Employee"[1] includes a "leased worker", "temporary worker" or "volunteer worker."

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business.  "Leased worker" does not include a "temporary worker".

**COUNT I – DECLARATORY JUDGMENT AS TO DUTY TO DEFEND AND INDEMNIFY SHAVE IN THE *MORALES* ACTION**

---

[1] As amended by Endorsement titled TEMPORARY & VOLUNTEER WORKER EXCLUSION.

29. SNIC incorporates and restates the allegations stated in paragraphs 1-28 as though the same were fully set forth herein.

30. At all relevant times, MORALES was an "employee" of SHAVE LLC as defined in the Policy.

31. As an "employee" of SHAVE LLC, MORALES qualifies as an insured under the Policy.

32. At all relevant times, SHAVE was a member or manager and/or "employee" of SHAVE LLC.

33. As a member or manager and/or employee of SHAVE LLC, SHAVE qualifies as an insured under the Policy.

34. In the *Morales* action, MORALES seeks damages against SHAVE arising from injuries sustained in the course and scope of his employment for SHAVE LLC, also an insured.

35. SNIC seeks a declaration of its rights and obligations with respect to the underlying claims for damage which have been asserted against SHAVE in the *Morales* action.

36. It is the position of SNIC that no coverage is afforded for any claims which have been alleged in the *Morales* action against SHAVE because coverage for such claims is expressly excluded under one or more Policy exclusions.

37. It is further the position of SNIC that no coverage is afforded for any claims which have been alleged in the *Morales* action against SHAVE because SHAVE does not qualify as an insured under the terms of the Policy with respect to injuries suffered by a co-employee.

38. Accordingly, it is the position of SNIC that it has no duty to defend or indemnify SHAVE in the *Morales* action.

39. SNIC is in doubt as to its rights, duties and obligations with regard to the subject Policy of insurance.

40. An actual, present and justiciable controversy exists between SNIC and its insured, SHAVE, warranting the entry of declaratory judgment by this Court.

41. Defendant, MORALES has been named in this action only insofar as he may have an interest in the outcome of this coverage dispute.

WHEREFORE, Plaintiff, SECURITY NATIONAL INSURANCE COMPANY, requests that this Court enter judgment in its favor and against Defendants declaring that:

    A. The subject SNIC Policy does not afford coverage for RONALD M. SHAVE for any damages claimed against him in the underlying *Morales* action;

    B.    SNIC has no duty to defend or indemnify RONALD M. SHAVE with respect to any claims alleged against him in the underlying *Morales* action.

Plaintiff further requests that the Court grant such other relief which the Court deems appropriate and just.

Dated:  4/12/24

        **HINSHAW & CULBERTSON, LLP**

        By: *Gary Khutorsky*
        Gary Khutorsky, Esq. (FBN 814271)
        gkhutorsky@hinshawlaw.com
        Stephanie H. Carlton, Esq. (FBN 123763)
        scarlton@hinshawlaw.com
        201 East Las Olas Blvd., Suite 1450
        Ft. Lauderdale, FL 33301
        Tel: 954-467-7900
        Fax: 954-467-1024
        *Attorneys for Plaintiff,*
        *Security National Ins. Co.*